R. Wardell Loveland, Esq. – SBN 127736
rloveland@chdlawyers.com
Min K. Kang, Esq. – SBN 246904
mkang@chdlawyers.com
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, CA  94065-2133
Tel.: 650.592.5400
Fax: 650.592.5027

**ATTORNEYS FOR** Defendant
Tesla Insurance Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY STEPHENS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA INSURANCE SERVICES, INC., a California Corporation,<br><br>Defendant. | Case No.<br><br>NOTICE OF REMOVAL OF TESLA INSURANCE SERVICES, INC. FROM THE ALAMEDA COUNTY SUPERIOR COURT BASED ON DIVERSITY JURISDICTION<br><br>[28 U.S.C. § 1441(b)] |

TO THE CLERK OF THE COURT, PLAINTIFF RICKY STEPHENS,

INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED

INDIVIDUALS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant, Tesla Insurance Services, Inc.,

(hereinafter "TIS") hereby respectfully removes this action from the Superior Court

of California, County of Alameda, to the United States District Court for the Northern

District of California.

/ / /

/ / /

1

## I.      PROCEDURAL HISTORY/PRIOR PLEADINGS

On or about April 25, 2023, plaintiff, Ricky Stephens, filed a class action in the Superior Court for the State of California in and for the County of Alameda. The action is entitled *Ricky Stephens, individually and on behalf of similarly situated individuals v. Tesla Insurance Services, Inc, a California Corporation.* The case number is "23CV931899."

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon TIS in the action are collectively attached to this Notice of Removal as "Exhibit A."

## II.     BASIS FOR REMOVAL – DIVERSITY JURISDICTION

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1).

Removal of this action by TIS is appropriate pursuant to 28 U.S.C. § 1441(b), because (1) this civil action involves citizens of different states; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) this Court has original jurisdiction under 28 U.S.C. § 1332.[1]

### A.      Citizens of Different States

Mr. Stephens and TIS are citizens of different states. According to his complaint, Mr. Stephens resides in the State of Illinois. Plaintiff's Complaint ("Complaint"), at p. 3, ¶ 6.

For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). TIS is a corporation that is organized under the laws of the State

---

[1] Venue is proper in the United States District Court for the Northern District of California because it is the federal district court embracing the Superior Court for the State of California in and for the County of Alameda where Mr. Stephens filed his action in state court.

of California. TIS' principal place of business is also in the State of California. Mr. Stephens also alleges that TIS is a California corporation with its principal place of business in Fremont, California. *Id*. at p. 3, ¶ 7.

Mr. Stephens alleges that the putative nationwide class includes residents of Illinois, Arizona, Colorado, Maryland, Minnesota, Nevada, Ohio, Oregon, Texas, Utah and Virginia who, within the applicable limitations period, purchased usage-based insurance from Defendant for their Tesla vehicle. *Id*. at pp. 6:21-7:2.

Given the foregoing, there is complete diversity of citizenship in the Action.

### B. The Amount in Controversy Exceeds $75,000

The amount in controversy in this case exceeds the $75,000 minimum requirement for the exercise of diversity jurisdiction under 28 U.S.C. §1332(a).[2]

The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016); *see also Chavez v. JPMorgan Case & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (same). To assess the amount in controversy, the court may consider the allegations in the complaint. *See Chavez v. JPMorgan Case & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

The "amount at stake in the underlying litigation" must be considered. *Id.* at 417. The "amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 415.

In the complaint filed in this action, Mr. Stephens alleges that TIS "is a subsidiary of one of the largest vehicle manufacturers in the nation, Tesla, and provides automotive insurance coverage for the Tesla vehicles." *See*, Complaint, at p. 4:6-8. He further ultimately alleges that he "and other members of the Class have

---

[2] TIS does not concede that plaintiff(s) is entitled to damages in excess of $75,000, or in any amount.

suffered damages and concrete harm through payment of inflated premium fees to Defendant that they cannot recover." *Id*. at p. 5:22-24. Additionally, plaintiff avers that "there are hundreds, if not thousands, of Class and Subclass members" in this action. *Id*. at p. 7: 27-28.

Mr. Stephens seeks, on behalf of himself and the putative class, all economic, monetary, actual, consequential and compensatory damages available at law including, disgorgement of ill-gotten gains and restitution, on behalf of himself and the putative nationwide class members who reside in Illinois, Arizona, Colorado, Maryland, Minnesota, Nevada, Ohio, Oregon, Texas, Utah and Virginia who, within the applicable limitations period, purchased usage-based insurance from Defendant for their Tesla vehicle. *Id*. at pp. 6:21-7:2, 10:13-16.

Mr. Stephens also seeks, on behalf of himself and the putative class, punitive damages available at law against TIS for an unspecified amount. *Id*. at p. 15:12-13. Mr. Stephens alleges that he, on behalf of himself and the putative class, is also entitled to attorney's fees, among other fees, costs and expenses, from TIS. *Id*. at p. 15:13-14.

Based on the allegations in Mr. Stephens's Complaint, the amount in controversy exceeds $75,000. The United States District Court for the Northern District of California has diversity jurisdiction over this civil action.

Mr. Stephens and TIS are citizens of different states. The amount in controversy exceeds $75,000. Accordingly, TIS's removal of the action filed in the Superior Court of the County of Alameda to the United States District Court for the Northern District of California is proper.

## III.   TIMELINESS OF REMOVAL

Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt of the defendant, through service or otherwise, a copy of the initial pleading." *See* 28 U.S.C. § 1446(b)(1).

/ / /

On May 2, 2023, a copy of the summons and complaint that Mr. Stephens filed in the action was served on TIS through its agent for service of process. *See*, Exhibit A attached hereto. This Notice of Removal is timely because it was filed within 30 days after service of the summons and complaint in the action.

TIS is the only named defendant and therefore is informed and believes, and thereupon alleges, that it is the only defendant that needs to be served at the time of this removal.

## IV.   VENUE OF REMOVED ACTION

This Court is the United States District Court for the district embracing the place where the state court action is pending (the Superior Court for the County of Alameda). Therefore, pursuant to 28 U.S.C. §§ 1441(b) and 1446, United States District Court for the Northern District of California is the appropriate Court for the removal of the Action.

## V.   NOTICE TO STATE COURT AND PARTIES

After the filing of this Notice of Removal, written notice of the removal shall be promptly given to counsel for Mr. Stephens and the Clerk of the Superior Court for the State of California in and for the County of Alameda. By filing this Notice of Removal, TIS does not waive any objection or defense that they have, or may assert, to service, venue, jurisdiction, or any other defense that they may have to this action.

Dated:  June 1, 2023

CODDINGTON, HICKS & DANFORTH

/s/ Min K. Kang

By: _____
Min K. Kang
Attorneys for Defendant
Tesla Insurance Services, Inc.

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
05/02/2023
CT Log Number 543772519

## Service of Process Transmittal Summary

**TO:**      Rhett Sing
TESLA ENERGY OPERATIONS, INC.
31353 HUNTWOOD AVE
HAYWARD, CA 94544-7841

**RE:**      **Process Served in California**

**FOR:**     Tesla Insurance Services, Inc.  (Domestic State: CA)


**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICKY STEPHENS, individually and on behalf of similarly situated individuals vs. TESLA INSURANCE SERVICES INC. |
| **DOCUMENT(S) SERVED:** | Summons, Affidavit, Notice, Certificate, Complaint |
| **COURT/AGENCY:** | Alameda County - Superior Court, CA<br>Case # 23CV031800 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/02/2023 at 13:16 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you |
| **ATTORNEY(S)/SENDER(S):** | Eugene Y. Turin<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601<br>312-893-7002 Ex. 3 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/03/2023, Expected Purge Date: 05/13/2023<br><br>Image SOP<br><br>Email Notification,  Rhett Sing-Complaints  complaints@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
05/02/2023
CT Log Number 543772519

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Tue, May 2, 2023
**Server Name:**               DROP SERVICE

| Entity Served | TESLA INSURANCE SERVICES INC |
|---|---|
| Case Number | 23CV031800 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>TESLA INSURANCE SERVICES, INC., a California corporation<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>RICKY STEPHENS, individually and on behalf of similarly situated individuals | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>04/25/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By          L. Wiley          Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California, Alameda County<br>1221 Oak Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>**23CV031800** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eugene Y. Turin, SBN: 342413, McGuire Law, P.C. 55 W. Wacker Dr., 9th Fl., Chicago, IL 60601, (312) 893-7002

| DATE:<br>*(Fecha)*  4/25/2023 | Clerk, by     Chad Finke, Executive Officer / Clerk of the Court  Deputy |
|---|---|
| | *(Secretario)*    L. Wiley    *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Tesla Insurance Services, Inc.

  under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
  ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
  ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
  ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

1   Eugene Y. Turin (SB # 342413)
2   MCGUIRE LAW, P.C.
    55 W. Wacker Dr., 9th Fl.
3   Chicago, IL 60601
    Tel: (312) 893-7002 Ex. 3
4   Fax: 312-275-7895
    eturin@mcgpc.com
5

6   *Counsel for Plaintiff and the Putative Class Members*

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**04/25/2023 at 09:10:52 AM**
By: Lynn Wiley,
Deputy Clerk

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **FOR THE COUNTY OF ALAMEDA**

10  RICKY STEPHENS, individually and on ) Case No.  **23CV031800**
    behalf of similarly situated individuals,     )
11                                                 )  Assigned to:
          Plaintiff,                               )  Department:
12                                                 )  Complaint Filed:
          v.                                       )
13                                                 )  **CONSUMER LEGAL REMEDIES ACT**
    TESLA INSURANCE SERVICES, INC., a  )  **VENUE AFFIDAVIT OF PLAINTIFF**
14  California corporation,                        )
                                                   )
15        Defendant.                               )
                                                   )
16  ─────────────────────────────────             )

17

18      I Ricky Stephens, hereby declare and state as follows:

19      1.    I am over the age of 18 and a Plaintiff in this action. The facts contained in this

20  declaration are based on my personal knowledge and information that I have gathered and is

21  available to me, and if called upon to do so, I would testify to the matters stated herein.

22      2.    I make this affidavit pursuant to California Civil Code § 1780(d).

23      3.    The complaint in this action is filed in the proper place for trial of this action because

24  Defendant Tesla Insurance Services, Inc. does business in the county of Alameda, California as it

25  is headquartered in Fremont, California, and because a substantial portion of the events, acts and

26
27  omissions that are subject to my claims in this matter occurred within Alameda County.

28

                                            1
                                   **CLRA AFFIDAVIT**

1    I declare under penalty of perjury under the laws of the State of California that the foregoing

2  is true and corrected.

3    Executed on the __10__ day of April, 2023

4

5                                                              DocuSigned by:

                                                             Ricky Stgl

6                                                            FD06CDAE866B47C...

7                                                    Ricky Stephens

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLRA AFFIDAVIT**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Ricky Stephens

DEFENDANT:
Tesla Insurance Services, Inc.

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

04/25/2023

Clad Flake, Executive Officer / Clerk of the Court

By: _Lynn Wiley_ Deputy
L. Wiley

CASE NUMBER:
23CV031800

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 08/23/2023        Time: 8:30 AM        Dept.: 23
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/25/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Lynn Wiley_ Deputy<br>L Wiley |
| PLAINTIFF/PETITIONER:<br>Ricky Stephens | |
| DEFENDANT/RESPONDENT:<br>Tesla Insurance Services, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV031800 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

EUGENE Y. TURIN
McGuire Law, P.C.
55 W. WACKER DR., 9TH FL.
Chicago, IL 60601

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/26/2023

By:

_Lynn Wiley_

L. Wiley, Deputy Clerk

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| RICKY STEPHENS, individually and on behalf of similarly situated individuals,<br><br>   . Plaintiff,<br><br>   v.<br><br>TESLA INSURANCE SERVICES, INC., a California corporation,<br><br>   Defendant. | Case No.<br><br>Assigned to:<br>Department:<br>Complaint Filed:<br><br>**COMPLAINT – CLASS ACTION JURY TRIAL DEMANDED**<br><br>**1.    Violation of California Business and Professions Code § 17200, *et seq.* and other similar states' consumer statutes.**<br><br>**2.    Breach of Contract**<br><br>**3.    Violation of California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.***<br><br>**4.    Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.***<br><br>**5.    Unjust Enrichment**<br><br>DEMAND FOR JURY TRIAL |

1

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff, Ricky Stephens, brings this Class Action Complaint against Defendant Tesla Insurance Services, Inc. ("Tesla Insurance" or "Defendant") to stop Defendant from charging inflated premium fees based on false Forward Collision Warning signals that are generated by the Tesla vehicles which Defendant insures and profits from. On his own behalf and on behalf of similarly situated individuals, Plaintiff seeks relief for all persons who have been unlawfully charged premium fees by Defendant. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences, and as to all other matters, on information and belief, including an investigation by his attorneys.

### NATURE OF THE ACTION

1.      Across the nation, Defendant, as a subsidiary of the electric vehicle company Tesla, provides its insurance services to Tesla drivers through a usage-based safety discount program. Defendant's insurance service follows a new industry trend of allegedly charging drivers fairer premiums based on their driving habits.

2.      During a Tesla earnings call back in October 2020, Elon Musk said insurance someday could represent 30% to 40% of Tesla's auto business. He announced that Tesla is building "a major insurance company."[1]

3.      In or around December 2021, Defendant began to provide its usage-based safety discount insurance to Tesla drivers in Illinois.

4.      Defendant has also expanded its usage-based safety discount insurance to Arizona, Colorado, Maryland, Minnesota, Nevada, Ohio, Oregon, Texas, Utah, and Virginia.

3.      As in all the states, Defendant's usage-based insurance uses five "safety factors" collected directly from its insureds' Tesla vehicles to generate a "Safety Score" to help calculate

---

[1] https://www.forbes.com/advisor/car-insurance/tesla-insurance/.

these drivers' premiums. The five safety factors include: (1) Forward Collision Warning alerts; (2) Hard Braking events; (3) Aggressive Turning events; (4) Unsafe Following events; and (5) Forced Autopilot Disengagement events.

4.      Unfortunately, Tesla drivers' Safety Scores are inflated because of random "ghost" Forward Collision Warnings that Tesla vehicles report when there is no actual danger or any car in sight. Even more drastically with some of the Tesla vehicles Defendant insures, Forward Collision Warnings show up in the Safety Score even when they are not reported to them by their vehicles. Nonetheless, Defendant unfairly charges its Tesla customers higher monthly premium fees based on these "unsafe" driving events that never actually occurred.

5.      In order to redress these injuries, Plaintiff brings this suit on his own behalf and on behalf of a class of similarly situated individuals, asserting violations of consumer protection laws, breach of implied covenant of good faith and fair dealing, unjust enrichment, injunctive relief prohibiting Defendant from continuing to unfairly charge premiums on false Forward Collision Warnings, equitable relief, including the disgorgement of any profits that Defendant derived from its misconduct, and an award of reasonable attorneys' fees and costs.

**PARTIES**

6.      Plaintiff Ricky Stephens is a natural person and a resident of Illinois.

7.      Defendant Tesla Insurance Services, Inc. is a California corporation with its principal place of business in Fremont, California.

**JURISDICTION AND VENUE**

8.      This Court has subject-matter jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and Article VI, § 10 of the California Constitution.

9.      Plaintiff has standing to bring this action pursuant to the California Unfair Competition Law, California Business and Professions Code § 17200, *et seq*. ("UCL"); California Consumer Legal remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"), the common law; and

3

the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq.* ("ICFA").

10.     This Court has personal jurisdiction over Defendant and venue is proper in this Court because Defendant maintains its headquarters in Fremont, California.

## COMMON FACTUAL ALLEGATIONS

11.     Defendant is a subsidiary of one of the largest vehicle manufacturers in the nation, Tesla, and provides automotive insurance coverage for the Tesla vehicles.

12.     Specifically, Defendant provides usage-based insurance to Tesla drivers that adjusts the premiums that drivers pay based on their driving habits.

13.     When a new Tesla driver decides to sign up for Defendant's insurance, he or she is assigned an initial "Safety Score" of 90, within a range of 0–100. For the first two months, the driver pays the initial premium based on the initial Safety Score of 90. After the first month of driving, a new premium is calculated for the third month based on the driver's driving habits. From there on, each consecutive month Defendant generates a new premium based on the driver's driving habits from the previous month.

14.     As stated above, the safety score is calculated by looking at five safety factors that are collected from insureds' Tesla vehicles: (1) Forward Collision Warning alerts; (2) Hard Braking events; (3) Aggressive Turning events; (4) Unsafe Following events; and (5) Forced Autopilot Disengagement events

15.     However, due to the advanced and still in development technology that powers Tesla's semi-autonomous driving features, including the safety features that Defendant's Safety Score tracks, some of the features do not always work as intended.

16.     Specifically, numerous Tesla drivers have reported suffering sporadic and random Forward Collision Warnings when there is no danger in sight or any car or object in front to signify the danger supposedly detected.

4

17.     In addition, other Tesla drivers have also observed Forward Collision Warnings reflected in their Safety Score without ever experiencing any warning while driving their vehicle.

18.     Crucially, because Defendant calculates the number of Forward Collision Warnings per 1,000 miles, and weighs them more heavily than at least three other factors in the Safety Score calculation (with the exception of forced Autopilot disengagement), these false Forward Collision Warnings result in immediate downgrades of Defendant's insureds' Safety Scores. This in turn results in higher premiums. The effect is particularly pronounced for Tesla drivers who only occasionally drive and who only have the next 30 days to try to average more miles with the hopes to boost their Safety Scores by not having any Forward Collision Warnings appear.

19.     As such, Defendant has engaged in unfair conduct by charging its customers inflated insurance premiums that are not actually based on their driving behavior and fail to account for false Forward Collision Warnings.

20.     In addition, by doing so, Defendant has breached the implied covenant of good faith and fair dealing by abusing its discretion to adjust insurance premiums and adjusting such premiums based on false Forward Collision Warnings.

21.     Plaintiff and other customers would not have purchased their insurance from Defendant and paid the premiums that they did, or would have paid materially less for it, had they known that their insurance premiums would be based on false Forward Collision Warnings that they did not actually cause and had no control over.

22.     As a result, Plaintiff and other members of the Class have suffered damages and concrete harm through payment of inflated premium fees to Defendant that they cannot recover.

### FACTS SPECIFIC TO PLAINTIFF

23.     Plaintiff Ricky Stephens owns a 2018 Tesla Model S.

24.     Plaintiff and his Model S are insured by Defendant and enrolled in Defendant's usage-based safety discount program for which Plaintiff pays for in full.

25.     Like many other Tesla models (3, X, Y, and S), Plaintiff's Model S has on numerous occasions experienced false Forward Collision Warnings when there was no danger in sight or any car in front. As a result, Plaintiff's monthly premium for the Model S he insured with Defendant has increased since when he first signed up as his Safety Score has decreased due to the false Forward Collision Warnings.

26.     Plaintiff's individual Safety Score also features random Forward Collision Warning events when he did not even experience any such warnings while driving his Model S. These false Forward Collision Warnings have significantly affected his monthly premium for the Model S as his Safety Score has decreased as a result of them.

27.     Defendant has failed to implement any steps to account for the false Forward Collision Warnings that Plaintiff has experienced in his vehicle.

28.     Had Plaintiff known Defendant would not adjust his premium based on his actual driving habit as promised, and that he would have to pay an inflated premium based on false Forward Collision Warnings, he would not have purchased Defendant's insurance or paid the premiums that he did, or would have paid materially less for the insurance. Further, Plaintiff did not receive the benefit of his bargain with Defendant as he did not receive insurance whose costs were based on his actual driving habits.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of a Class and Subclass of similarly situated individuals, pursuant to Cal. Code Civ. Proc. § 382, Cal. Civ. Code § 1781, and Cal. Bus. & Prof. Code § 17203, defined as follows:

(i)     The Class: All individuals in Illinois, Arizona, Colorado, Maryland, Minnesota, Nevada, Ohio, Oregon, Texas, Utah, and Virginia who, within the applicable limitations period, purchased usage-based insurance from Defendant for their Tesla vehicle.

(ii)     The Illinois Subclass: All individuals in the State of Illinois who, within the applicable limitations period, purchased usage-based insurance from Defendant for their Tesla vehicle.

30.     **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass (collectively, the "Class"). Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other Class and Subclass members, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class or Subclass.

31.     **Predominance & Superiority.** Absent a class action, most Class and Subclass members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

32.     **Final Declaratory or Injunctive Relief.** Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class and Subclass members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and Subclass members, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

33.     **Typicality.** The factual and legal basis of Defendant's liability to Plaintiff and to the other Class and Subclass members are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

34.     **Numerosity.** Upon information and belief, there are hundreds, if not thousands, of Class and Subclass members such that joinder of all members is impracticable.

7

35.    **Commonality.** There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

a)  Whether Defendant charges inflated policy premiums based on false Forward Collision Warnings;

b)  Whether Defendant fails to charge policy premiums based on drivers actual driving behavior;

c)  Whether Defendant's conduct constituted unfair or deceptive trade practices under States' consumer protection laws;

d)  Whether Defendant breached its covenant of good faith and fair dealing with its insureds to provide insurance policy premium adjustments based on their actual driving habits;

e)  Whether Defendant was unjustly enriched as a result of charging inflated auto insurance premiums based on false Forward Collision Warnings;

f)  The proper measure and calculation of damages; and

g)  Whether Defendant should be enjoined from engaging in such conduct in the future.

## FIRST CAUSE OF ACTION
**Unlawful and Unfair Business Practices in Violation of the UCL and other similar states' consumer protection laws**
**(On behalf of Plaintiff and the Class members)**

36.    Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

37.    Plaintiff and Defendant are "persons" within the meaning of the UCL Cal. Bus. & Prof. Code § 17201.

38.    California's Unfair Competition Law, Business & Professions Code, § 17200, *et*

*seq.* ("UCL") - as well as materially identical consumer protection statutes enacted in other states where Tesla Insurance is provided by Defendant – Illinois (Ill. Comp. Stat. § 815 ILCS 505/1 *et seq.*), Arizona (AZ. Rev. Stat. 44-1521 *et seq.*), Colorado (CO. Rev. Stat. § 6-1-105 *et seq.*), Maryland (MD. Comm. Code § 13-301), Minnesota (Minn. Stat. §§ 325F.67, 325F.68 *et seq.*), Nevada (NV. Rev Stat § 598 *et seq.*), Ohio (Ohio Rev. Code § 1345.01 *et seq.*), Oregon (OR. Rev. Stat. § 646.605-646.656), Texas (Tex. Bus. & Com. Code § 17. 01 *et seq.*); Utah (UT. Code Ann. § 13-11-1 *et seq.*), and Virginia (VA Code Ann. T. 59.1 *et seq.*) – prohibits deceptive acts and practices in the sale and marketing of services such as Defendant's insurance.

39.     Defendant's conduct as alleged herein occurred in the course of trade or commerce.

40.     Defendant promised in its insurance agreement with Plaintiff and the other Class members that it will price its insurance policies based on an assessment of their driving behavior.

41.     Defendant also promised on its website that it "Rewards Safe Driving" and that the insurance premium will be based on real-time driving behavior.[2]

42.     However, contrary to these express representations, Defendant charged Plaintiff and the other members of the Class inflated premiums that were not based on their actual driving habits and were instead based on false Forward Collision Warnings.

43.     Defendant failed to take steps to ensure that false Forward Collision Warnings did not impact Plaintiff's and the other Class members' insurance premiums.

44.     Defendant's conduct was deceptive and in violation of the UCL and other states' consumer protection laws as Defendant promised to provide Plaintiff and the other Class members insurance that was based on their actual driving behavior when, in fact, Defendant charged insurance premiums that were based on false Forward Collision Warning events.

45.     Defendant's conduct also constitutes an "unfair" practice under the UCL.

---

[2] Tesla.com/Insurance (last accessed 2.15.2023)

**CLASS ACTION COMPLAINT**

46.    By charging consumers for inflated insurance premiums, Defendant's actions unfairly imposed additional, unlawful costs on the Plaintiff and the other members of the Class.

47.    Defendant's conduct of imposing inflated insurance premiums on Plaintiff and the other members of the Class offends public policy, has caused and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

48.    As a direct and proximate result of Defendant's false, and unfair and deceptive conduct, Plaintiff and the other members of the Class have suffered concrete harm and actual damages as described above.

49.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an injunction enjoining Defendant from continuing to engage in the conduct described above as Defendant's wrongful conduct is ongoing.

50.    Plaintiff also seeks rescission and an order requiring Defendant to make full restitution and to disgorge its ill-gotten gains wrongfully obtained from members of the Class as permitted by Bus. & Prof. Code § 17203.

51.    Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code § 1021.5.

## SECOND CAUSE OF ACTION
### Breach of Contract
**(On Behalf of Plaintiff and the Class members, in the alternative to Count V)**

52.    Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

53.    The insurance policies Defendant issued to Plaintiff and the other members of the Class are contracts entered into between Plaintiff and Defendant.

54.    Plaintiff and the other members of the Class performed under those contracts by paying the policy premiums.

55.     Defendant had broad and exclusive contractual discretion to calculate Plaintiff's and the other Class members' Safety Scores and interpret the driving habits it collected in any manner of its choosing.

56.     Under California, Illinois, Arizona, Colorado, Maryland, Minnesota, Nevada, Ohio, Oregon, Texas, Utah, and Virginia laws, where Defendant provides insurance to the Class members, a covenant of fair dealing and good faith is implied into every contract.

57.     By failing to calculate Plaintiff's and the other Class members' Safety scores based on their actual driving habits and putting safeguards in place to ensure that false Forward Collision Warnings were not the basis of insurance premium adjustments, Defendant abused its contractual discretion and acted in a manner inconsistent with the reasonable expectations of Plaintiff and the Class members.

58.     As such Defendant has breached the implied covenant of good faith and fair dealing.

59.     As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and the other members of the Class, have suffered actual, concrete harm in the amount of inflated insurance premiums that they paid and are entitled to recover compensatory and consequential damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Violation of the CLRA
### (on behalf of Plaintiff and the Class members)

60.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

61.     Defendant is a "person" under Cal. Civ. Code § 1761(c).

62.     Plaintiff and the other Class members are "consumers" under Cal. Civ. Code § 1761(d).

63.     The CLRA prohibits unfair and deceptive practices in the sale and marketing of services such as Defendant's usage based insurance.

64. By providing customers such as Plaintiff and the other Class members its usage-based insurance service that adjusted their premiums based on false Forward Collision Warnings and not their actual driving habits, Defendant engaged in deceptive business practices prohibited by the CLRA, including, (1) representing that its insurance service has characteristics, uses, benefits and qualities which it does not have; (2) representing that its usage based insurance service is of a particular standard, quality, and grade that it is not, and (3) advertising its usage based insurance service with the intent not to sell it as advertised.

65. Defendant knew, or should have known, that Tesla vehicles record false Forward Collision Warnings that never occurred, but nonetheless failed to take appropriate measures to ensure that its insurance premiums were not raised due to such false driving events or make appropriate disclosures to its insureds regarding the possibility of such false driving events.

66. A reasonable consumer such as Plaintiff and the other members of the Class would not have purchased, or paid as much for Defendant's insurance service had Defendant disclosed that it would base their premiums on false Forward Collision Warning events that never occurred.

67. Because of its violations of the CLRA detailed above, Defendant has caused and will continue to cause actual damage to Plaintiff and the Class members. Plaintiff and the other Class members have already paid, and will be required in the future to continue to pay, insurance premiums that are higher than they would have been had Defendant not raised them due to false Forward Collision Warnings.

68. Under Civil Code § 1780(a), Plaintiff and the other members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. After maintaining appropriate notice and demand under Civil Code §§ 1782 (a) and (d), Plaintiff will subsequently amend this Complaint to also include a request for damages. Plaintiff and members of the Class request that this Court enter such orders or judgments as may be necessary to restore to any person money which may have been acquired with such unfair business practices, and for such other relief,

1   including interest, attorneys' fees and costs, as provided in Civil Code § 1780 and the Prayer for

2   Relief.

3       69.      Plaintiff includes a declaration with this Complaint that shows venue in this District

4   is proper pursuant to Cal. Civ. Code § 1780(d).

### FOURTH CAUSE OF ACTION
**Deceptive and Unfair Acts or Practices in Violation of the ICFA**
**(on behalf of Plaintiff and the Illinois Subclass members)**

70.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

71.     The ICFA prohibits deceptive acts and practices in the sale and marketing of services such as Defendant's insurance.

72.     Defendant promised in its insurance agreement with Plaintiff and the other Subclass members that it will price their policies based on an assessment of their driving behavior.

73.     Instead, Defendant charged Plaintiff and the other members of the Subclass inflated premiums that were not based on their actual driving habits and were instead based on false Forward Collision Warnings.

74.     Plaintiff and the other members of the Subclass are "consumers" or "persons," as defined under the ICFA.

75.     Defendant's conduct as alleged herein occurred in the course of trade or commerce.

76.     Defendant failed to take steps to ensure that false Forward Collision Warnings did not impact Plaintiff's and the other Subclass members' insurance premiums.

77.     Defendant's conduct was deceptive in violation of the ICFA as Defendant promised to provide Plaintiff and the other Subclass members insurance that was based on their actual driving behavior when, in fact, Defendant charged insurance premiums that were based on false Forward Collision Warning events.

78.     Defendant's conduct also constitutes an "unfair practice" under the ICFA.

13

**CLASS ACTION COMPLAINT**

79.     By charging consumers for inflated insurance premiums, Defendant's actions unfairly imposed additional, unlawful costs on the Plaintiff and the other members of the Subclass.

80.     Defendant's conduct of imposing inflated insurance premiums on Plaintiff and the other members of the Subclass offends public policy, has caused and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

81.     As a direct and proximate result of Defendant's false, and unfair and deceptive conduct, Plaintiff and the other members of the Subclass have suffered concrete harm and actual damages as described above.

82.     Defendant's conduct is in violation of the ICFA, and pursuant to 815 ILCS 505/10a Plaintiff and the other members of the Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's deceptive and unfair conduct going forward, and any other penalties or awards that may be appropriate under applicable law.

## FIFTH CAUSE OF ACTION
### Unjust Enrichment
**(on behalf of Plaintiff and the Class members, in the alternative to Count II)**

83.     Plaintiff incorporates by reference all of the allegations in paragraphs 1–34 as though fully set forth herein.

84.     By over-charging Plaintiff and the other Class members inflated insurance premiums that were based on false Forward Collision Warning instead of their actual driving behavior, Defendant has retained a benefit to the detriment of Plaintiff and the other Class members. This benefit is measurable by the money that plaintiff and the other Class members have over-paid in premiums due to the false Forward Collision Warnings.

85.     Defendant has thus been unjustly enriched, and it would be unjust to allow Defendant to retain the enrichment.

86.    Defendant's retention of this benefit violates fundamental principles of justice, equity, and good conscience.

87.    Plaintiff and the other members of the Class are therefore entitled to restitution in the amount by which Defendant have been unjustly enriched and an order requiring Defendant to disgorge any profits or other benefit they have retained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, on his own behalf and on behalf of all others similarly situated, the following relief:

A.    For an order certifying this action as a class action, defining the Class and Subclass as requested herein, appointing Plaintiff as class representative and his counsel as class counsel;

B.    Awarding Plaintiff all economic, monetary, actual, consequential, compensatory, and punitive damages available at law;

C.    Awarding Plaintiff's reasonable attorneys' fees, costs, and other litigation expenses;

D.    Awarding pre- and post-judgment interest, as allowable by law;

E.    For injunctive relief as the Court may deem proper; and

F.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 25, 2023

RICKY STEPHENS, individually and on behalf of a class of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3

Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the
Putative Class Members*