UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY STEPHENS,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA INSURANCE SERVICES, INC.,<br><br>        Defendant. | Case No.  23-cv-02726-AGT<br><br>**ORDER ON MOTION TO REMAND**<br>Re: Dkt. No. 20 |

    Stephens's motion to remand is granted. Tesla has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014).

\* \* \*

    To reach the $75,000 threshold, Tesla relies heavily on potential punitive damages. But Tesla's punitive damages estimate ($61,000) isn't adequate. Tesla has made no attempt to estimate the amount of compensatory damages in controversy. As a result, the Court cannot determine, as it must, whether the "punitive/compensatory damages ratio is reasonably possible." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020).

Tesla also relies on an estimate of plaintiff's attorneys' fees to meet $75,000. But Tesla's estimate ($14,000) is based on attorney work (e.g., drafting the complaint, defending the named plaintiff's deposition) that would benefit the proposed class. The estimate must thus "be divided among all members of the plaintiff class," *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001), which Tesla hasn't done. "Given [Tesla's] failure to provide any evidence estimating plaintiff's pro-rata share of the total lodestar . . . , the Court declines to include an attorneys' fee estimate as part of the amount in controversy calculation." *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1073 (N.D. Cal. 2018).

Third and finally, Tesla says $100,000 should be included in the amount in controversy to account for Tesla's compliance costs should injunctive relief be awarded. This "defendant's-viewpoint approach to calculating the cost of an injunction" has been rejected. *Kanter*, 265 F.3d at 860. The value of injunctive relief must be "based on the benefit to each individual plaintiff." *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 717 (N.D. Cal. 2021). Tesla hasn't attempted to satisfy this standard, so its compliance-cost estimate won't be included in the amount in controversy.

Tesla has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court therefore grants Stephens's motion to remand and orders the Clerk of the Court to remand this case to California Superior Court, County of Alameda.

**IT IS SO ORDERED.**

Dated: August 2, 2023

Alex G. Tse
United States Magistrate Judge